### KING v. MURPHY.

Garnishee states that before he was summoned, he was notified, that payee had transferred his agent's receipt for his note to T, and T's agent presented the note and he paid him part, and promised to pay the residue on a contingency, which had happened. The debt not subject to the attachment against the payee.

MURPHY sued an original attachment against Davis G. Tuck, returnable to Shelby Circuit Court. King being summoned as garnishee, stated that he had given his note to Tuck, and also stated matters leaving it doubtful whether he was then indebted to Tuck. On this garnishment no order was made as to King; at a subsequent term Murphy recovered judgement against Tuck, and King being afterwards summoned as garnishee, by scire facias, stated that he had given his note to Tuck for $400, which was left with Darby Henly, for collection. Long before he was summoned as garnishee, he

was notified by Adam Toot of Virginia, that he held Henly's receipt for the note, and that the money was coming to him. About eighteen months ago Toot's agent presented the note; he paid him $200, and promised that if he was not accountable on the former garnishment in the case, he would pay the balance when called on. He has since by letter, notified Toot that he was released' from the first garnishment, and ready to pay the balance when called on ; all which took place before he was summoned by the *scire facias;* that he knows of no person indebted, &c.

On this statement the Circuit Court rendered judgement against King for the amount of the judgement and costs of Murphy against Tuck, $138 53 : and King here assigned, that the Circuit Court erred in rendering. this judgement on his statement.

JUDGE WHITE delivered the opinion of the Court.

In this case the plaintiff in the action relied solely on the statement of the garnishee. He did not deny it, or submit any controverted matter to a jury. From this statement it is apparent that at the service of the *sci. fa.* King owed the money to Toot. It is of no moment whether the note had been assigned to him or not. If vested with this equitable interest, Toot had instituted an action on the note in Tuck's name for his benefit, his rights would have been protected, and we can see no reason why they should not be protected in the present case. It is evident that King was liable to Toot, and not to the absconding debtor, for the balance due on the note. Let the judgement be reversed.