## CLARKE vs. PRATT.

1. In an action of debt upon a judgment rendered in Mississippi, it is error to render judgment final by *nil dicit*, without the intervention of a jury, for the amount of the debt and eight per cent. interest thereon as damages.

2. The court cannot take judicial notice of the rate of interest in a sister State, from the table of interest prepared by the Secretary of State and appended to the acts of the Legislature, as required by the act of 1848. The rate of interest must be ascertained by a jury, and the table appended to the acts is only *prima facie* evidence, which may be rebutted by other proof.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. John Bragg.

DOUGLASS SMITH, for plaintiff in error.

1. It was error to take judgment by default, and compute the damages (in suit upon note made in Mississippi) without proof of the rate of interest of the State of Mississippi. Dunn v. Clement, 2 Ala. Rep. 392; Evans v. Clarke, 1 Port. 388; Evans v. Erwin et al. 1 Port. 390.

The judgment in such case must be reversed. It is not such a clerical error as can be corrected by reducing the judgment to the amount of principal due on the note. Evans v. Erwin & Dunlap, 1 Port. 390.

In debt upon a foreign judgment, in the absence of a plea, the case ought to be submitted to a jury, upon an inquiry of damages. Murray v. Cone, 8 Port. 250.

Under the issue of *nul tiel* record, the court will not give the interest of the sister State upon such judgment. The rate and the amount of interest must be found by a jury. Hunt & Condry v. Mayfield, 2 Stew. 124.

The act of 1848, p. 80, only makes the table prepared by the Secretary of State *prima facie* evidence to prove the rate of interest. See this statute construed in the case of the Mobile and Cedar Point Railroad Company v. Talman & Ralstons, 15 Ala. Rep. 493.

Where a debt is ascertained by a writing, the judgment by default, whatever may be the sum, is final; but where it is not, the damages must be ascertained by a jury. Ken-

non v. Henderson, 6 Ala. Rep. 132 ; Witherington v. Brant-ly, 18 Ala. 200. Judgment in last case is by *nil dicit.*

The necessity of proof of interest is shown by the fact, that the clerk calculated the interest at eight per cent., when the real rate of interest is six per cent. See How. & Hutch. Dig. 643. See for decisions in the State of Mississippi, to same effect as ours, Fretwell v. Dinsmore, Walk. Rep. 484 ; Henry v. Halsey, 5 S. & M. 573.

WM. G. JONES, *contra.*

1. It is conceded that, by the decisions of this court, made prior to the passage of the act of 18th February, 1848, (sess. acts of 1848, p. 80,) our courts would not judicially know the rate of interest in our several sister States. This legal presumption of judicial ignorance, was one of those legal fictions which was, in nine cases out of ten, untrue in itself, and in practice, productive of unnecessary inconvenience and expense. It is submitted that it was to remedy this inconve-nience that the statute above referred to was passed. The effect of that statute, with the table of the rates of interest published at the end of the session's acts, is, to give to the courts, and their ministerial officers, authentic information as to the rates of interest in other States. They now can know and notice this judicially. This being so, it was proper, un-der the provisions of the statute, Clay's Dig. 325 § 70, for the court, by its clerk, to compute the interest in this case. The interest was properly computed at eight per cent., that being the Mississippi rate of interest at the time the judgment was rendered in Mississippi. Sess. acts 1848, p. 460.

2. It is insisted that the statute of 1848 only makes the table *prima facie* evidence of the rates of interest. But it is not evidence to juries only. It is equally evidence to the courts and their officers. Would it not be evidence to one of our Probate Judges, in ascertaining the amount to be allowed on a note made payable in another State, and filed here as a claim against an insolvent estate ? Certainly it would. And so too in a chancery court. And no sufficient reason is assigned why the Circuit Court should not also judicially act on it. It is the act of the court; the clerk merely acts min-isterially in making the computation. If he adopts a wrong

rate, or makes an error in his calculation, the court should and would correct it.

CHILTON, J.—This was an action of debt upon a judgment rendered in the State of Mississippi. The Circuit Court proceeded to render judgment final by *nil dicit*, without the intervention of a jury, for the debt and eight per cent. interest as damages.

This was clearly erroneous. The interest depended upon the law of Mississippi as to the rate to be allowed, and proof of what that law was should have been made, before any amount by way of interest could be recovered. The act of 1848 (see pam. acts, p. 80,)makes the table to be prepared and appended by the Secretary of State to the acts, *prima facie* evidence of what the foreign interest was; but that evidence was not conclusive, and could have been controverted. Besides, it was evidence for the consideration of the jury, before whom the facts must be controverted, if disputed, and not for the court. In the case of Mobile and Cedar Point Railroad Company v. Talman & Ralstons, 15 Ala. Rep. 472–493, we had occasion to construe this act of 1848, and we there held that the court could not judicially know the rate of interest, from the table prepared by the Secretary ; that it was only *prima facie* evidence, and liable to be rebutted or disproved, and as a corollary from that proposition, the defendant should have an opportunity of contesting it before the appropriate triers of the facts, the jury. That the Orphans' or Probate Court Judge may receive such evidence and decide upon it, does not aid the defendant in error as an argument, since the law applicable to the organization and proceeding of that court makes the judge, unless a jury is called, the trier of the facts.

The cases cited by the counsel for the plaintiff in error clearly show, that the rate of interest must be found by a jury, who, upon inquiry as to the damages, must assess the amount. 2 Stew. Rep. 124.

And as this defect is not cured by the act of 1848, the judgment must be reversed and the cause remanded.