## SAUNDERS' ADM'R vs. GARRETT.

[ATTACHMENT AND GARNISHMENT.]

1. *What demands may be subjected by garnishment.*—Where a garnishee answers, "that he is indebted to the said defendant or his wife, by promissory note in the sum of $175, due January 1, 1856, which note was given by him to the said defendant's wife, the trade for which it was given having been made and agreed upon by both the defendant and his wife,"—the legal presumption is, that the note was given for property belonging to the wife's separate estate ; and the plaintiff is not entitled to judgment against the garnishee on the answer.

2. *Notice to claimant of attached debt.*—Where the garnishee's answer shows, *prima facie*, that the debt which he owes belongs to the separate estate of the defendant's wife, and not to the defendant himself, the statute (Code, § 2549) does not authorize a notice to the wife, to contest with the attaching plaintiff her right to the debt ; and if a notice is issued to her, it may be treated by her and the court as a nullity.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. NAT. COOK.

THE record in this case shows, that William Garrett commenced a suit by attachment, on the 21st January, 1856, against A. T. Stewart, and obtained a judgment for $90 70, at the fall term of said circuit court, 1857 ; that a garnishment was served on William Saunders, as the debtor of said Stewart, on the same day the attachment was issued ; and that the said garnishee, at the term to which he was summoned, filed a written answer in these words: "Garnishee says, that he is indebted to the said defendant or his wife, Sarah L. Stewart, by promissory note in the sum of $175, due January 1, 1856,

which note was given by him to Sarah L. Stewart, wife of the said defendant; the trade for which it was given having been made and agreed upon by both the defendant and his wife." The record further shows, that at the fall term, 1856, the death of the garnishee was suggested, and a *scire facias* was awarded to bring in his administrator; that at the fall term, 1857, the suit was revived against the administrator, and a notice was ordered to issue to Mrs. Stewart, the wife of the defendant in attachment, to appear and contest with the plaintiff her right to the debt; that at the spring term, 1858, Mrs. Stewart having failed to appear, the court rendered judgment against the administrator, against his objection, on the answer of his intestate, for the amount of the plaintiff's judgment against the defendant in attachment; and that the administrator reserved an exception to this action of the court, which he here assigns as error.

R. M. WILLIAMSON, for the appellant.
GEORGE S. COX, *contra*.

RICE, C. J.—Under our statutes, the rights of married women are greater than they were under the common law. By our statutes, all the property of the wife, held by her previous to her marriage, or which she may become entitled to after the marriage, in any manner, is her separate estate, and *not subject to the payment of the debts of her husband.* Property thus belonging to her vests in her husband, as her trustee, who is not required to account with her for its rents, income or profits; but such rents, income, and profits are *not subject to the payment of the debts of her husband.* The property of the wife, or any part thereof, may be sold by the husband and wife, and conveyed by them jointly, by instrument of writing, attested by two witnesses; but the proceeds of such sale is the separate estate of the wife, &c.—Code, §§ 1982, 1985.

Governed as we must be by these statutory provisions, and disregarding the common law in so far as it conflicts with them, we are unable to say from the answer of the garnishee, that the debt which the garnishee therein

admits to be due, *either* to the defendant, A. T. Stewart, *or* to his wife, Sarah L. Stewart, is subject to the payment of any of the debts of the husband, the said A. T. Stewart. The answer shows, that the said indebtedness of the garnishee is evidenced by a promissory note, and that the note was given by him to the said Sarah, the wife of the said A. T. Stewart; "the trade having been made and agreed upon by both defendant (A. T. Stewart) and his wife, for which the said note was given." But the answer does not in any other manner show, whether the property which was thus traded, and for which the note was given, was the property of the defendant, or the property—the separate estate—of the defendant's wife. Now, giving due effect to our statutory provisions above referred to, we think the fair intendment from what appears in the answer of the garnishee is, that the note was given for some part or all of the separate estate of the wife; else, why was it made payable to her? Why was the trade upon which it was so given made and agreed upon by both husband and wife? If the note had in fact been given for the property of the husband, the plaintiff in the garnishment should not have contented himself with accepting the answer as true, in its present scant form. As the *prima-facie* intendment from the answer is, that the note was given for the separate estate of the wife, and as the answer has been accepted and treated as true by the plaintiff, the note must be deemed the separate estate of the wife, and not subject to the debts of the husband.—See Code, §§ 1982 to 1985; Price v. Thomason, 11 Ala. 875, and Winston v. Ewing, 1 Ala. 129.

[2.] Where the answer of the garnishee shows, *prima facie*, that the debt which he owes is the separate estate of the wife of the defendant, and therefore not subject, by garnishment or any other legal process, to the payment of the debts of the defendant husband, a notice to the wife, under section 2549 of the Code, is not authorized; and, if issued, may be treated by her and the court as a nullity.

To sustain the judgment against the garnishee, on the answer set forth in this record, would be to make the

wife's separate estate subject to the payment of her husband's debts, contrary to the provisions of our statute.

It appears that the garnishee has died since he answered. The plaintiff cannot, therefore, obtain any further answer; nor can he now contest the answer.—Code, § 2546. No good can result to the plaintiff from remanding the cause *generally*.

The judgment of the court below is erroneous, and is reversed; and the cause is remanded, with directions to the circuit court to enter the proper judgment against the plaintiff, and in favor of the administrator of the garnishee. The plaintiff (who is the appellee) must pay the costs of the appeal.