## MOBILE & OHIO RAILROAD COMPANY vs. WHITNEY & CO.

[ATTACHMENT AND GARNISHMENT.]

1. *Notice to transferree or claimant.*—Where the answer of a garnishee shows that a third person claims an interest in his indebtedness to the defendant in attachment, no judgment can be rendered on the answer, without first bringing in the claimant, in the manner prescribed by the statute (Code, §§ 2549–51); but, if the claimant is duly notified, and makes default, the plaintiff nevertheless cannot have judgment against the garnishee, unless the answer admits an indebtedness for which an action of debt or *indebitatus assumpsit* would lie.

2. *Proof of foreign statutes.*—The courts of this State may probably know, judicially, that the term *syndic* in the civil law corresponds very nearly with the term *assignee* in the common law; but cannot take judicial notice of the statutes of Louisiana relating to the appointment, powers, and rights of syndics, or to estates of insolvent debtors.

3. *What demands may be reached by garnishment; rights and lien of factors.* Although a factor may have a lien on goods for storage, and may have the goods in his possession, he may nevertheless maintain an action of debt or *indebitatus assumpsit* against the owner for the amount of storage; consequently, if the owner of the goods is summoned, by process of garnishment, as the debtor of the factor, and his answer admits the claim for storage, the plaintiff may have judgment against him on the answer, although he also states that the goods are still in the possession of the factor.

4. *What defenses garnishee may make.*—A payment, made by the garnishee, after service of the garnishment, under an order of court in a foreign jurisdiction, is no protection to him, as against the plaintiff in attachment, unless he affirmatively shows that the latter was a party or privy to the foreign suit.

APPEAL from the City Court of Mobile.
Tried before the Hon. ALEX. McKINSTRY.

THIS action was brought by J. P. Whitney & Co., against Thomas J. Casey & Co., and was commenced by original attachment, sued out on the 3d May, 1858, on the ground that the defendants were non-residents, and had not sufficient property or effects in the State of their residence to satisfy the debt. The appellant was summoned, by process of garnishment, as the debtor of said Casey & Co., and, through its treasurer, filed an answer, the material parts of which are stated in the opinion of the court. Notice was issued to one Renshaw, who, as the answer of the garnishee showed, asserted a claim to the demand sought to be condemned by the plaintiffs; but he failed to appear. The judgment-entry recites, that publication was duly made as to him, under a former order of the court, " and that all the requirements of section 2510 of the Code have been complied with." Judgment by default was rendered against the defendants in attachment, on the 14th April, 1860; and, on the same day, a judgment was rendered against the garnishee, on its answer, for seven hundred and sixty-four 50-100 dollars. The judgment against the garnishee is now assigned as error.

GEO. N. STEWART, for appellant.
DARGAN & TAYLOR, contra.

STONE, J.—The answer of the garnishee in this case states, that, before answering, notice had been given to it that one Renshaw claimed that the indebtedness of garnishee had been assigned to him, for the benefit of the creditors of Thos. J. Casey & Co., the attachment debtors. Upon this answer, no judgment could have been rendered against the garnishee, without a compliance with the terms of the statute—Code, § 2549 et seq.—See King v. Murphy, 1 Stew. 228; Robinson v. Rapelye, 2 Stew. 86; Colvin v. Rich, 3 Porter, 175; Stubblefield v. Haggerty, 1 Ala. 38.

The plaintiff in attachment, however, has pursued the statute in regard to giving notice to the transferree; has put

him in default, and, in this respect, seems to have complied fully with the law.—See Code, § § 2549, 2550, 2551, 2510. This case, then, must turn on the inquiry—not whether the debt has been assigned to Renshaw—but, whether the answer admits an indebtedness to Thomas J. Casey & Co., on which *they*, in the absence of all claim by Renshaw, may maintain an action of debt or *indebitatus assumpsit*.—See *Walke v. McGehee*, 11 Ala. 276; *Roby v. Labuzan*, 21 Ala. 64; *Cook v. Walthall*, 20 Ala. 337; *Harrell v. Whitman*, 19 Ala. 138; *Hall v. Magee*, 27 Ala. 416; *Nesbitt v. Ware*, 30 Ala. 74; *Powell v. Samons*, 31 Ala. 552; *Saunders v. Garrett*, 33 Ala. 454; *Price v. Masterson*, 35 Ala. 483.

The answer of the garnishee, while it denies, " as it is advised," all indebtedness to said Thomas J. Casey & Co., in any sum of money, which was or is subject to garnishment by said plaintiffs in this suit, admits "that it is true said company did owe money to said Thomas J. Casey & Co.; but it was under such circumstances as compelled this garnishee to pay the same as hereinafter shown. The answer further states that Casey & Co. failed, and that a syndic was appointed in New Orleans, "who claims all the assets of said Thomas J. Casey & Co., and who also claimed the control of the iron of this garnishee, as it seems." The answer proceeds: "The said Thomas J. Casey & Co. were commission-merchants and traders, doing business in New Orleans; that this company did cause to be consigned to them a certain quantity of iron, which was the property of this company, and which was shipped to New Orleans; that the same was received by said Thomas J. Casey & Co., and they caused said iron to be stored, and the price of the storage was due by this company to said Thomas J. Casey & Co.; but they had possession of said iron in New Orleans. This garnishee further answers that, on this occurrence, it sent its agent to New Orleans, to claim its iron from said syndic, and that some difficulties intervened, so that a proceeding in court became necessary; and that a lien being claimed on the iron, they were unable to obtain the same, except on terms of payment of the claim for storage of the iron, for which a lien on the property existed." The answer then proceeds to state that, on

a presentation of these facts, " an order was made by the fourth district [court] of the city of New Orleans and State of Louisiana, by which the amount claimed for said storage was authorized and required to be paid into said court, subject to such order as said court might make as to the disposal of said money; and under such order, this garnishee did pay into said court, after the service of garnishment, and before the filing of this answer, the sum of $764 50; by means of which payment, so made, it was enabled to obtain the possession and control of its iron." The answer further shows that said Renshaw, the syndic, claims said indebtedness, as representing the creditors of Thomas J. Casey & Co.; that he, the syndic, J. P. Whitney & Co., the attaching creditors, and Thomas J. Casey & Co., the attachment debtors, are citizens of Louisiana, and that the plaintiffs' debt originated there.

[2.] Neither the answer of the garnishee, nor any other part of the record, contains the statutes of Louisiana on the subject of the appointment, powers, and rights of a syndic; and, hence, we can not, in this suit, know what they are. *Clark v. Pratt*, 20 Ala. 470; *Harrison v. Harrison, ib.* 629; *Cockrell v. Gurley*, 26 Ala. 405; *Woodward v. Donnelly*, 27 Ala. 198; *Gunn v. Howell, ib.* 663; *Drake v. Glover*, 30 Ala. 382. We may probably know that the word *syndic* in the civil law corresponds very nearly with that of assignee under the common law, (see Bouvier's Law Dic.), but beyond this, we can know nothing of the Louisiana statutes in reference to the estates of insolvents. It is not for us to conjecture what our decision would be on the answer of the garnishee, if the statutes of that State formed a part of it.—See *Wilson v. Matthews*, 32 Ala. 332.

[3.] The claim of the syndic to this debt being out of view, the question arises, does the answer admit an indebtedness, for which debt, or *indebitatus assumpsit*, would lie? We feel bound to hold that it does admit such indebtedness. True, the indebtedness rests, for its consideration, on the storage of iron by Casey & Co., as factors, for the garnishee; and Casey & Co. have a lien, probably, on the iron, for those charges, as moneys lawfully advanced by them. This would probably prevent a recovery by the garnishee,

in a suit for the iron, without a special averment of payment or tender of the amount due for the advances. But this disability to sue successfully without special averments, was unilateral. Casey & Co. labored under no such disability. According to the statements of the answer, they could have sued for the storage, without any averment that the iron was delivered, or tendered to the bailor. They could have maintained the action of *indebitatus assumpsit*. *Hall v. Magee*, 27 Ala. 416; *Roby v. Labuzan*, 21 Ala. 64.

[4.] In the absence of averments in the answer, and of recitals in the record, bringing the statutes of Louisiana on the subject of insolvencies before us, the fact that the garnishee paid the money into court in New Orleans, under the order made, can exert no influence in the decision of this cause. J. P. Whitney & Co., so far as we are advised, or can know, were not parties to that proceeding, and are neither bound, nor in any manner affected by it. It was, as to the appellees, *res inter alios acta*, and not evidence against them of the nature of the syndic's claim to the demand in controversy, or that it was paramount to that of the attaching creditors.—Shep. Dig. 665, *et seq.*

If, under the answer of the garnishee, and the proceedings upon it, the plaintiffs, J. P. Whitney & Co., were entitled to a judgment against the railroad, it is manifest that no payment made by it afterwards, without their consent or legal privity, could defeat that right. Such payment would be in its own wrong. On the hypothesis that Whitney & Co. were entitled to the money, the railroad, by paying them, would have acquired a perfect right to the possession and control of the iron, and could have maintained a successful suit for it, on the proper averment and proof of these facts. It does not help their case, that Casey & Co., or the syndic, held their iron, and refused to surrender it, until the charges for storage were paid to the syndic. The railroad, on the best phase of the case which it has made for itself, could have forced the surrender of its iron, by suit, without repaying the charges upon it to either Casey & Co. or the syndic. The alleged hindrance or delay of the railroad in getting control of its iron, may have caused serious loss; but this can not overturn a well-

settled legal principle.—See authorities *supra*. The answer admits a *prima-facie* indebtedness to Casey & Co., and does not overturn that presumption; (*Self v. Kirkland*, 24 Ala. 275 ;) and as the claim or title of the syndic is to be left out of view in determining the liability of the garnishee, it results that there is no error in the record.

The judgment is affirmed.