## Molton & Falkner *v.* Escott & Sons.

### Garnishment on Judgment.

*When judgment cannot be rendered against garnishee on answer, without notice to third person as claimant.* — Where a garnishee states in his answer, that he had purchased the defendant's stock of goods from an assignee, to whom they had been conveyed for the benefit of creditors, and had given his several promissory notes for the purchase money, some payable to the assignee, and others to creditors who had liens on the goods, it is error to render judgment against the garnishee on this answer (Rev. Code, § 2977), without bringing in these parties as claimants.

APPEAL from the City Court of Montgomery.

Tried before the Hon. JOHN D. CUNNINGHAM.

The appellees had a judgment against W. S. Barton, and sued out a garnishment against the appellants, as the debtors of said Barton. The garnishees filed a written answer, on which the court rendered judgment final against them, for the amount of the plaintiff's judgment and costs; and this judgment is now assigned as error.

[Ex parte Diggs.]

FALKNER & MOLTON, for appellants.

FITZPATRICK & WILLIAMSON, *contra.*

B. F. SAFFOLD, J. — The appellants were garnishees of
W. S. Barton, in a suit instituted against him by the appel-
lees. They answered by giving a statement of facts, from
which the court was to decide whether they were indebted to
him or not ; and judgment was rendered against them for the
amount of the debt in suit.

Barton, being in debt, made an assignment of his stock of
goods to Miss Foster, who was to sell them by retail, or in
whole, and out of the proceeds to pay such of the debts as were
a lien on the goods, and afterwards to pay whatever balance
remained to the other creditors. Prior to the service of the
garnishment, the garnishees bought the stock of goods from the
assignee, and agreed to pay the price in specified sums to named
parties. Of these sums were $600, payable in monthly instal-
ments of fifty dollars, to Miss Foster, for the benefit and sup-
port of Barton's family ; and $600 due in twelve months by
note, to Miss Foster as assignee. The remainder was to be
paid on debts secured by lien. The garnishment was served
about a month after this purchase, and was intended to arrest
about $140.

The answer discloses that the assignee has a right to the
debt for the benefit of the creditors and family of Barton, and
that other persons have an interest in it. When this is the
case, the court must suspend proceedings against the garnishee,
and cause notice to issue to the claimants to appear and contest
with the plaintiff. R. C. § 2977 ; *Mobile & Ohio R. R. Co.*
v. *Whitney & Co.* 39 Ala. 468 ; *Easton* v. *Lowery,* 29 Ala.
454. The judgment is reversed, and the cause remanded.