# Boyd & Boyd *v.* Cobbs.

### *Garnishment on Judgment.*

*When judgment cannot be rendered against garnishee on answer, without summons to third person as claimant of debt.* — When a garnishee states in his answer that he purchased from the defendant his interest in a mercantile partnership, and gave his note for the agreed price, payable to said defendant as agent of his wife ; and that said defendant, at the time said note was given, " said that he owed debts, and probably judgments, and that he was operating for his wife, and wanted the contract written so that his creditors could not touch it ; " it is error to render judgment against the garnishee, for the amount of the debt thus admitted, without bringing in the defendant's wife, and giving her an opportunity to assert her right to the note.

APPEAL from the Circuit Court of Sumter.
Tried before the Hon. JAMES Q. SMITH.

J. Y. KILPATRICK and JNO. W. A. SANFORD, for appellants.

ROBERT H. SMITH, *contra.*

PETERS, C. J. — This is a proceeding in garnishment. Cobbs obtained judgment against R. W. Brewer, and sued out a process in garnishment against Boyd & Boyd as partners, as the debtors of Brewer.  The proceeding, up to the judgment on the answer of the garnishees, seems to have been regular. Only one of the Boyds answered the summons in garnishment. In his answer he discloses the fact that he purchased Brewer's interest in a certain mercantile partnership with his son and another, for the sum of eight hundred dollars.  For this sum, Boyd and his son, as partners, gave Brewer their promissory note, payable on the first day of January, 1872 ; which note was made payable to R. W. Brewer, agent of Annie Brewer. Annie Brewer was the wife of R. W. Brewer.  At the time

[Wells v. Thompson.]

this note was given, Brewer stated that he " owed debts, and probably judgments ; that he was operating for his wife, and that he wanted the contract written up so that his creditors could not touch it." Then the garnishee further answered, " I am not indebted to R. W. Brewer otherwise than as stated, but he owes W. F. Boyd and W. D. Boyd about one hundred dollars." On this answer the court below gave judgment against the Boyds, in favor of Cobbs, for $560, the amount of Cobbs's claim, which was his judgment against said R. W. Brewer. No notice was given to Mrs. Brewer to come into court, and contest the right to the note on the Boyds ; and the Boyds made no objection to the judgment against them as garnishees as above said. But they now appeal to this court from the judgment against them, and assign that judgment as error in this court.

The record shows that the answer of Boyd was in writing, and filed as a part of the proceedings in the court below ; and that the judgment against the garnishees was rendered on this answer. This answer discloses that Mrs. Annie Brewer, a married woman, and wife of said R. W. Brewer, has or claims an interest in the debt secured by the note given by the Boyds to said R. W. Brewer, as her agent. When this is the case, she should be cited to appear, and contest with the attaching creditor, said Cobbs, the right to said debt. *Mobile & Ohio Railroad Company* v. *Whitney & Co.* 39 Ala. 468 ; 1 Brick. Dig. p. 186, § 466. And if it appears that the debt sought to be attached is the property of the wife, which belonged to her in this State in 1871, it is, *primâ facie*, her statutory separate property, without evidence removing this *primâ facie* showing ; and as such it is not liable for her husband's debt. On an answer disclosing such facts, no judgment should have been rendered against the garnishees. *Saunders's Adm'r* v. *Garrett*, 33 Ala. 454. The attaching creditor should have contested the answer, so far as it disclosed an interest in Mrs. Annie Brewer, or the garnishment should have been dismissed. Rev. Code, §§ 2974 *et seq.* and cases *supra*.

The judgment of the court below is reversed, and the cause is remanded, at appellee's cost.