# Flournoy & Epping *v.* Owens.

### *Garnishment on Judgment.*

1. *Wife's earnings, commingled with funds belonging to statutory estate; not reached by garnishment against borrower.*—When a promissory note is taken for money loaned, whether payable to the wife directly, or to the husband as her agent, a creditor of the husband can not reach and subject any part of the debt, by garnishment against the maker of the note, because a part of the money arose from the separate earnings of the wife, and were mingled with other moneys belonging to her statutory estate.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. JOHN D. HUBBARD.

The appellants in this case, suing as partners, recovered a judgment in said court, on the 18th April, 1882, against W. T. Owens and others; and sued out a garnishment on it against J. F. & W. C. Cameron, as the debtors of said Owens. The garnishees appeared, and filed an answer, denying any indebtedness; but their answer was contested by the plaintiffs, and an issue was thereupon made up between them. On the trial of this issue, as the bill of exceptions shows, the garnishees were examined on oath by the plaintiffs, and stated that, "in the spring of 1882, they obtained $200 from said W. T. Owens, at different times, and in separate amounts, for which they executed two promissory notes, each for $100, one payable to Mrs. Sallie Owens, wife of said W. T. Owens, and the other to said W. T. Owens as agent of Sallie Owens; and that the said W. T. Owens stated, at the time he let them have the money, that it belonged to his wife." Mrs. Owens, being examined as a witness on the part of the garnishees, testified, among other things, "that in August, 1879, she and her husband had agreed that all the money she could make by her labor, and from keeping boarders, was to belong to her, and be her property; that she made as much as $300 or $400 by keeping boarders, making about $25 per month, and as much as $25 or $30 by selling milk; that the money so made by her was kept separate from her other money, which belonged to her separate estate, until it amounted to ten or twenty dollars, and was then sometimes mixed with her other moneys; that the money loaned to the garnishees may have been taken from the funds sometimes so mixed, but some of the several amounts loaned were not mixed; that the money loaned was hers, and was taken to reimburse her estate for money used by her husband, unless it was such part thereof as was her statutory estate, as she had money loaned out in small sums which belonged to her statutory estate, and when collected, as it often was, it was loaned out again; and that some of the money loaned to the garnishees, as she recollected, was so collected and loaned." W. T. Owens testified also, in behalf of the garnishees, substantially the same as Mrs. Sallie Owens. There was other testimony in the case, as to the amount of property which Mrs. Owens held as a statutory estate, the amount of her money which her husband had received and used, and the value of property which he had conveyed to her; but these matters are immaterial, as the questions involved are not decided by this court.

The court charged the jury, "that if they believe the money loaned was the proceeds of a boarding-house, and Mrs. Owens took it to reimburse herself, at the instance of her husband, for moneys of hers which had been used by him, and not paid or accounted for to her, then the garnishees are not liable, un-

[Flournoy & Epping v. Owens.]

less there was fraud in the transaction." The plaintiffs excepted to this charge, and requested the following charges, which were in writing: 1. "If the jury find, from the evidence, that the money acquired by the wife's earnings was mixed by her with moneys belonging to her separate estate, so that it could not be distinguished, and said money had not been turned over to her to reimburse her for money which her husband owed her, and the money loaned was from the funds so mixed,— then the jury must find for the plaintiffs." 2. "If the jury find, from the evidence, that the money acquired by the earnings of the wife was mixed and mingled by her with moneys belonging to her separate estate, and that she was not able to identify the one from the other; and if the money loaned was taken from the funds so mixed, and it could not be identified,— then the plaintiffs are entitled to recover." The court refused each of these charges, and the plaintiffs excepted to their refusal.

The charges given by the court, and the refusal of the charges asked, are now assigned as error.

J. D. GARDNER, for the appellants, cited Drake on Attachments, § 199; 2 Wait's Actions & Defenses, 241; *Saunders v. Garrett*, 33 Ala. 454.

BRICKELL, C. J.—We think it very clear, whatever may have been the reasons inducing it, that the judgment rendered by the Circuit Court is free from error. The undisputed facts are, that the promissory notes made by the garnishees, the amount of which it was sought to condemn to the satisfaction of the plaintiffs' judgment, were given for money loaned. At the time of the loan, the defendant in the judgment stated, that the money was the property of his wife; and one of the notes was made payable directly to her, and the other to the husband as her agent. On this state of facts, *prima facie*, the notes were the property of the wife, upon which in her own name she could have maintained an action at law. The presumption of ownership in the wife it was proposed to repel, by evidence that at least a part of the moneys loaned, if not the whole, was her earnings, which were not her separate property, and which were liable to the payment of the debts of her husband. The insuperable difficulty is, that the wife is not a party to the record, and can not be made a party; and in her absence, a judgment can not be rendered, which will affect and conclude her rights. And if the judgment would not be conclusive upon her, the garnishee would be placed in the peril of a double recovery, if subsequently she should sue upon the notes.—*Simpson v. Tippin*, 5 Stew. & Port. 208.

The statute (Code of 1875, § 3302) which authorizes the calling in of a person claiming a debt it is sought to reach by garnishment, to contest with the creditor the right to such debt, is not applicable to a case of this character, in which a creditor of the husband seeks to subject debts *prima facie* the separate statutory estate of the wife.—*Saunders v. Garrett*, 33 Ala. 454. If it was, there has been no notice issued to the wife, and no issue formed between her and the garnishing creditor, the determination of which could bind her; and according to the case last cited, if such notice had issued, it would have been a nullity, which she could properly disregard. The remedy by garnishment has not been by the statute extended to a case of this character, as it has not been to other cases, in which it is the peculiar province of a court of equity to interpose.

Whether the rulings of the Circuit Court can be maintained, as abstract propositions of law, is unimportant. The judgment rendered reached the proper result, and it must be affirmed.