# Camp, Glover & Co. *v.* Randle & Co.

*Action on Promissory Notes Payable in Georgia.*

1. *Interest on note; by what law determined.*—When a promissory note, executed in Georgia, is also payable there, the lawful rate of interest must be governed by the laws of Georgia.

2. *Proof of foreign rate of interest.*—The courts of Alabama can not take judicial notice of the statutes of another State prescribing the rate of interest on contracts; but the table of rates prepared by the Secretary of State, and printed with the Session Acts of the Legislature (Code, § 3042), is presumptive evidence of those rates, and competent evidence for that purpose.

3. *Attorney's fee, as part of judgment on note.*—In an action on a promissory note, which provides for the payment of "all costs of collection, including ten per cent. attorney's fee," an allowance for an attorney's fee can not be made, in the absence of all evidence as to its value or amount.

APPEAL from the Circuit Court of Cherokee.

Tried before the Hon. JAMES AIKEN.

Camp, Glover & Co., appellants, sued J. M. Randle & Co., appellees, on two promissory notes, made by the latter payable to the former. The defendants pleaded "payment" and "usury."

On the trial the plaintiffs introduced the notes, both of which bore date at Rome, Ga., Jan. 16, 1882, and were payable, respectively, at sixty and ninety days, to the plaintiffs at their office, with interest from maturity at 12 *per cent. per annum.* The notes also provided for the payment of "all costs of collection, including 10 per cent. attorney's fee."

The plaintiffs introduced evidence tending to show that their office, the place of payment designated in the notes, was in Rome, Ga. The plaintiffs then offered in evidence the tabulated statement of the rate of interest in other States, appended to the Acts of Alabama of 1880–1, for the purpose of proving the rate of interest allowed by contract in Georgia at the time said notes were made. The defendants objected to this evidence ; the court sustained the objection and the plaintiffs excepted. The plaintiffs here closed, and the defendants offering no evidence, and the foregoing being all the evidence, the plaintiffs, in writing, asked the following charge : "That if the jury believe the evidence, they will find for the plaintiffs the amount of the notes, and interest at the rate of 12 *per cent. per annum,* and

[Camp, Glover & Co. v. Randle & Co.]

a reasonable attorney's fee." The court refused this charge, and the plaintiffs excepted.

The court, of its own motion, charged the jury that they could only find for the plaintiffs the amount of the face of the notes, without any interest. To this charge the plaintiffs excepted. The rulings excepted to are assigned as error.

J. L. BURNETT, for plaintiff, cited § 3042, Code of 1876.

JOHN L. McCONNELL, contra.

STONE, C. J.—The notes declared on show on their faces that they are payable at the office of Camp, Glover & Co., and there was testimony tending to show that at and before the times when said notes were executed, the office of said payees was in the State of Georgia. If this testimony was believed, then the right to recover interest, and its rate, were dependent on the laws of Georgia; and it was incumbent on the plaintiffs to prove what those laws were. Courts of this State can not take judicial cognizance of the statutes of other States.—*Garner v. Tiffany*, Minor, 167; *Peacock v. Banks*, Ib., 387; *Hunt v. Mayfield*, 2 Stew. 124; *Evans v. Clark*, 1 Por. 388; *Same v. Irvin*, Ib. 390; *Richardson v. Williams*, 2 Por. 239; *Crawford v. Simonton*, 7 Por. 110; *Smith v. Robinson*, 11 Ala. 270; *Clark v. Pratt*, 20 Ala. 470.

The tabulated statement of the rate of interest of other States, appended to the Session Acts of 1880–1, was competent testimony, and should have been received as presumptive evidence of the Georgia rate of interest.—Code of 1876, § 3042; *M. & C. P. R. R. v. Talman*, 15 Ala. 472; *Harrison v. Harrison*, 20 Ala. 629, 649. The Circuit Court erred in excluding this testimony.—*Dawson v. Burrus*, 73 Ala. 111.

The plaintiffs offered no proof of the value or amount of a reasonable attorney's fee for bringing this suit. The charge requested was properly refused, because it claimed a finding on that phase of the case, without any testimony to support it.—*Robinson v. Bullock*, 66 Ala. 548; *Street v. State*, 67 Ala. 87.

Reversed and remanded.