## GOODWIN v. BROOKS, ET AL.

.1. The design of the act of the 5th February, 1840, which requires a summons to issue to the assignee or transferee of a debt when the garnishee has disclosed by his answer that such is the fact, was to enable the plaintiff in attachment to contest the validity of the alleged transfer. In such a case the proper course is for the plaintiff to alledge the invalidity of the transfer to which the assignee would be required to answer, and thus an issue would be made, to be tried either by the court or jury, as might be proper.

2. When the record does not disclose that upon the appearance of the assignee the plaintiff made an allegation against him, an order discharging the assignee, will be upheld, as it must be presumed that the plaintiff abandoned the pursuit of the garnishment.

WRIT of error to the Circuit Court of Russell.

The plaintiff in error caused an attachment to be issued against Wm. D. Lucas and Hiram Brooks, as non-resident debtors; and John C. Baldwin, who was summoned as a garnishee, answered, that in the spring of 1840, he purchased of Brooks a tract of land for $2213—gave him his three promissory notes: one, for $613,

Goodwin v. Brooks, et al.

payable on the 25th December, 1840; another, for $800, payable on the 25th December, 1841; the third, for $800, payable on the 25th December, 1842. Some time in the summer of 1842, Terrill Brooks, the brother of H. Brooks, called on the garnishee with the notes—proposed that he should substitute three notes, in all respects similar to them, save only that they should be made payable to him instead of the original payee, so as to prevent the amount from being taken by garnishment at the suit of the creditors of H. Brooks, who had previously left the State. *Further*, that the garnishee had received a letter from H. Brooks, in which he said that the claims were still his, that he had no intention of suing the garnishee, and requested him to see T. Brooks, stop the suit, and make the notes again payable to him.

The plaintiff, wishing to contest the transfer of the notes mentioned in the answer of the garnishee, a notice was accordingly issued to Terrill Brooks to appear at the then next term of the circuit court to contest with the plaintiff the right to money due thereon.

A judgment by default was rendered against the defendants in attachment, and the plaintiff's damages assessed at six hundred and ten 75-100 dollars, and the judgment made final for that sum and costs.

An order appears in the transcript reciting the substance of the garnishee's answer, the notice to the holder of the notes in question, and concludes as follows:

"On motion of said Terrill Brooks' attorney, it is therefore ordered and considered by the court, that the said Terrill Brooks be discharged from answering to said notice, and from contesting the same; and it is further considered by the court, that the said Terrill Brooks recover of the said plaintiff the costs in this behalf expended," &c.

S. HEYDENFELDT, for the plaintiff in error, insisted that the debt was still due from Baldwin to H. Brooks, although the written evidence of that fact had been extinguished; and T. Brooks could not claim any advantage merely because he had delivered up the original security, and taken one payable to himself. Such was, doubtless, the opinion of the court that made the order upon the garnishee's answer, and that order should have been adhered to at a subsequent term, as an adjudication of the question.

ORMOND, J.—The act of 5th Februrary, 1840, requires a summons to issue to the assignee or transferee of a debt, when the garnishee discloses, by his answer, that he has received notice that the debt in his hands has been assigned or transferred.— [Clay's Dig. 63.] The design of this law was to enable the plaintiff in attachment to contest the validity of the alleged transfer or assignment. The statute does not point out the mode in which this contest shall be made; but as it does not contemplate that the assignee shall answer the process of garnishment, effect can only be given to the statute by requiring the plaintiff in attachment to allege the invalidity of the assignment or transfer, to which the assignee would be required to answer, and thus an issue would be made to be determined either by the court or jury, as might be proper. Here, it appears, the assignee appeared in obedience to the summons, and the plaintiff in attachment making no allegation whatever against him, the court discharged him. We are unable to perceive what other course the court could have pursued. The plaintiff must be presumed to have been in court when the cause was called, and making no objection, must be intended to have abandoned the further pursuit of the garnishment. The plaintiff in attachment is the actor in the proceeding, and if he does not prefer his allegations against the assignee, he will be entitled to his discharge for the omission of the plaintiff to prosecute the inquiry. These are the necessary legal inferences from the record; and if in truth the plaintiff has not abandoned the prosecution, and the court improperly, and against the will of the plaintiff, discharged the assignee, it should have been disclosed by bill of exceptions.

Let the judgment be affirmed.

COLLIER, C. J.—The provision of the attachment law, under which Terrill Brooks was summoned to contest with the plaintiff the validity of the transfer, under which he claimed the notes in question, clearly authorized the notice that was awarded by the circuit court. The fact that Baldwin, the garnishee, had substituted for the original, new notes payable to Terrill Brooks, cannot exempt the debt from the process of garnishment, if the transfer was fraudulent or voluntary as between the latter and Hiram Brooks. There is, then, no reason shown why the proceeding was dismissed, and the holder of the notes discharged. The

plaintiff does not appear to have been in default; if an issue was necessary, it was to be made up under the direction of the court; the plaintiff should have been required to proceed in the cause, instead of being turned out without an opportunity of litigating the question proposed.

The premises upon which the court found the order of dismissal, is the answer of the garnishee, and the notice to Terrill Brooks; and there is not the slightest intimation that the plaintiff was not in court ready to do whatever the law required of him. Now, according to logical sequence, it must be intended that the decision of the court was influenced by the premises stated; and that it was supposed the facts did not authorize the proceeding. The assumption that the plaintiff was in fault, is, I think, unwarranted; and to maintain that he should have excepted to the judgment of the circuit court, is to require that which, in my opinion, does not comport with the analogies of the law.

Influenced by these views, I am constrained to dissent from the conclusion which my brethren have expressed.