## COSTLY *vs.* TARVER.

[REAL ACTION IN NATURE OF EJECTMENT.]

1. *General charge on evidence.*—Where the bill of exceptions purports to set out all the evidence, and does not show that any proof was made of the defendant's possession of the premises sued for, a general charge to the jury, instructing them to find for the plaintiff if they believed the evidence, is erroneous.
2. *Sale of decedent's real estate, for division; title to lands allotted as widow's dower.*—Where a decedent's real estate is sold, under an order of the probate court, for the purpose of making an equitable division among the heirs, and the lands in which the widow's dower has been allotted are included in the order and sale, the title to such lands, and the right to the possession on the death of the widow, vest in the purchaser; but, if such lands are not included in the order and sale, the title descends to the heirs, with the right to the possession on the death of the widow.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Hezekiah Tarver and others, as heirs-at-law of Wells Tarver, deceased, to recover the possession of a town-lot in LaFayette, together with damages for its detention. The premises in controversy embraced the dwelling-house of the decedent, and were allotted to the widow as her dower, by commissioners appointed by the probate court, on the 13th March, 1848; and it was shown that the widow was dead when the suit was commenced. The defendant seems to have derived title under an order of the probate court, made on the 13th March, 1848, authorizing the sale of the decedent's real estate for the purpose of making an equitable division among the heirs; a sale by the administrator, pursuant to the order, and a conveyance to the purchaser, who subsequently conveyed to the defendant's vendor. The bill of exceptions purports to set out all the evidence adduced on the trial, and states that there was no conflict in the evi-

dence. The court charged the jury, that they must find'
for the plaintiffs, if they believed the evidence ; to ·which
charge the defendant excepted, and he now assigns the
same as error.

RICHARDS & FALKNER, for appellant:.
C. D. HUDSON, *contra*.

R. W. WALKER, J.—The bill of·exceptions purports·
to set out all the evidence that was offered on the trial ;
and the charge of the court·was, that if the jury believed
the evidence, they must find for the plaintiffs.. There was
no proof, so far as the record discloses, that the defendant
was in the possession of the land sued for at the date of·
the issuance of the writ ; and as, without ·such proof, the
plaintiffs were not entitled to a recovery, it follows that·
the judgment must be reversed, for this reason, if for no··
other.

We have been furnished with no brief by· the counse
for the appellee ; and cannot tell whether any question·
was made in the court below, or was intended to be raised
here, as to the validity of the sale made by the administra-
tor under the order of the probate court. Under these
circumstances, we have not thought it necessary to examine·
the proceedings of the probate court, with the view of as-·
certaining whether there is any well-founded objection to·
the validity of the sale made under its order.

[2.] It seems to be assumed by the counsel for the ap-··
pellant, that the order of sale, and the deed of the admin-
istrator to the purchaser, embraced the land allotted to the
widow as her dower. If this be true, and there be no suf-
ficient objection to the validity of the sale, then we concur·
in the conclusion, that although the widow during her life
had a paramount right to · the possession of the land al-
lotted as her dower, yet, on her death, the purchaser at the
administrator's sale, and not the heirs of the intestate, be-
came entitled to it. The statutory power of an adminis-
trator to sell the real estate of his intestate, under an order

Costly v. Tarver.

of the probate court, embraces whatever is descendible to
the heirs.—*Pettit v. Pettit*, 32 Ala. 288.   On the death of
the intestate, the law casts the freehold on the heir, sub-
ject to the widow's claim of dower; and on the death of
the widow, the heir takes, as part of the inheritance, what
had been assigned for her enjoyment during her life.   Con-
sequently, where the entire real estate of the intestate has
been sold by order of the probate court, subject to the
widow's dower, the purchaser at such sale becomes entitled,
on the death of the widow, to the possession of the land
assigned as her dower.

In the present case, the order of sale is broad enough to
cover the entire real estate of the intestate.   But the ques-
tion is, whether the sale, as made by the administrator,
was of the entire real estate, subject to the widow's dower
interest, or whether the land set apart for her dower, and not
not simply her right of dower therein, was excepted from the
operation of the sale.   The sale, as reported by the adminis-
trator, was of "the real estate of the said Wells Tarver, de-
ceased, *(except the widow's dower,)* as described in the petition
for sale," &c.; and if we look alone to this report, as show-
ing the extent of the sale, these words of exception might
possibly be construed as simply embracing the widow's right
of dower, and not the land set apart to her.   But, when we
come to examine the deed of the administrator to the pur-
chaser at the sale, we find reason to suppose that the sale
was not intended to include the land assigned as the widow's
dower.   On this subject there is some obscurity, growing
out of the confused description of the lands in the various
petitions, orders, and deeds, which can doubtless be removed
on another trial.

The widow's petition for dower, and the administrator's
petition for an order of sale, both alleged that the intestate
was seized of "Lot No. 17, in letter A, it being the north-
west corner of said lot (No. 17), fronting two hundred feet
on Franklin street, running back east, adjoining lot No. 18,
two hundred and fifteen feet, situated in the town of Lafay-
ette, and the same being a part of the north-west quarter of

section thirteen, township twenty-two, range twenty-six, being the premises where the said Wells Tarver resided at the time of his death;   *   *   *   *   *   * also, lot No. 17, in letter A, on Franklin street, front one hundred and eleven feet, running back the length of said lot in the town of Lafayette." The land allotted to the widow as her dower, is described in the record as "one hundred and six feet in front on Franklin street, and running back sixty-three feet, including the dwelling-house and well, it being a part of lot No. 17, in the town of Lafayette." It would seem probable, though, in the absence of any further evidence as to the locality, we cannot be positive as to this, that the land thus set apart for the widow's dower, was carved out of the lot first named in the petition, and there described as the north-west corner of lot No. 17, and was entirely distinct from the other lot No. 17 named in the petition, and described as having a "front of one hundred and eleven feet, and running back the length of said lot." If, in point of fact, this last lot was entirely distinct from the one out of which the widow's dower was carved, then it would seem from the deed executed by the administrator, under which the defendant claims, that the sale made by the administrator included only the lot last named in the petition, and did not embrace the land set apart for the widow's dower; for the deed of the administrator describes the land sold by him as "lot No. 17, in letter A, situate in the town of Lafayette and county aforesaid, said lot fronting one hundred and eleven feet on Franklin street, and running back the length of said lot," which exactly corresponds with the description of the lot above referred to, as the one last named in the petition. On the supposition that this was the only lot sold by the administrator, and that the dower of the widow was carved out of another and a different lot, it is obvious that, as against the heirs of the intestate, persons claiming under the purchase at the administrator's sale would have no title, on the death of the widow, to the land allotted as her dower. The uncertainty on this subject can doubtless be

removed on another trial. What we have said will suffice to indicate the principle which controls the case.

Judgment reversed, and cause remanded.