RYAN, TRUSTEE, vs. BIBB ET AL.

[TROVER FOR CONVERSION OF MULES, &C.]

1. *Husband, conveyance of to trustee for wife ; what title confers on trustee.*
A *bona fide* conveyance by the husband to a trustee for the use of his
wife of property purchased by him chiefly with funds of his wife, re-
ceived from her guardian, the title to which he took in his own name,
made in consideration of such funds so received and appropriated by
him, confers on the trustee such an interest in the property as will en-
able him to maintain trover for its conversion.

APPEAL from City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

On the 20th day of November, 1867, Vernon Henry
Vaughan, made a conveyance, which recites that on the 15th
day of October, 1862, said Vaughan had received $8,000
in Confederate money, which was a part of the separate
statutory estate of his wife, Cornelia, which he had em-
ployed in various investments, treating them as his own,
and then held in his own name; that most of said invest-
ments, and the property conveyed, were derived from the
use of money which was of right the separate statutory
estate of his wife; that, therefore, at his wife's request he
thereby conveyed certain mules, &c., and some real prop-
erty, particularly described in the deed, "unto R. B. Ryan,
to have and to hold unto said R. B. Ryan in trust for said
Cornelia D. Vaughan, her heirs, administrators, and as-
signs forever, to be held and enjoyed by her in all respects
as her separate estate under the laws of Alabama." This
deed was duly attested, acknowledged and recorded on the
day it bears date, and on the same day Ryan accepted the
trust, and assumed the management and control of the
property mentioned in the deed. At the time of the mak-
ing of the deed, the mules mentioned were in use on a
plantation cultivated by Vaughan, near the city of Mont-
gomery, and in charge of his overseer. Vaughan, who

lived in the city of Montgomery, had several times pointed out the mules to Ryan, and spoke of them as his wife's mules and acknowledged them as hers, and frequently conferred with Ryan about their management and the best use to put them to, and had the use of them by the consent of Ryan. Shortly after this, about the 1st of January, 1868, the sheriff of Montgomery county, at the instance of defendants, who had given him an indemnifying bond, levied upon the mules mentioned in the conveyance while they were on Vaughan's plantation, and sold them after a demand by Ryan, and notice of his title, under an execution issued against W. C. Bibb, J. F. Jackson and Benajah S. Bibb. It was proved that the recitals in the deed were substantially true.

Ryan, as trustee, having brought an action of trover for the conversion of the mules, offered to read in support of his title the deed above recited, in connection with proof that the mules converted by the sheriff were the same as those mentioned in the deed; but the court refused to allow it to be read, on the ground that it was void on its face and did not convey title to the plaintiff. The evidence in the case being in substance as above set out, the court charged the jury that if they believed the evidence they must find for the defendants, and plaintiff excepted, and hence this appeal.

.WATTS & TROY, for appellant.—The court supposed the effect of the deed made it one executed by a husband to his wife, and that, as husband and wife could not contract with each other, the deed was void at law. But this is not so. This deed evidenced a contract between plaintiff and Vaughan, the maker of the deed, and was not a contract between Vaughan and his wife. That the court erred in excluding such a deed is made more than manifest by the following authorities.—*Elliott et al. v. Horn*, 10 Ala.; *Wilson v. Shepperd*, 28 Ala. 623; *Goree v. Walthall*, 44 Ala. 161; *Tucker v. Moreland*, 10 Peters, 67.

A husband has a right, when he pleases, to make a gift to his wife of land or personal property. If he make a deed directly to the wife, the deed at law would be void,

because he and his wife being one person, in law, can not make a contract ; because it requires two persons to make a contract. But such deeds have always been upheld in equity. But a deed by a husband to a trustee, for the benefit of his wife, has never been held void, unless it be made to hinder, delay or defraud his creditors.

But, in this case, there is no creditor of Vaughan complaining. What right had the sheriff with such an execution to levy on the property of Vaughan. He was a mere trespasser. Being a mere trespasser, he and his co-trespassers had no right to make objection, even to Vaughan conveying his property to Ryan for the use of Vaughan's wife.

2. The proof offered, and that which was introduced, showed that Ryan was in the actual possession of the mules sued for at the time they were seized by the sheriff, under an execution against Bibb and others.

There was no proof tending to show that Bibb or either of the defendants in execution had ever owned any of the mules sued for. The whole proof in the record shows that the plaintiff was entitled to recover the value of the mules.

3. The whole evidence authorized the court to give the charge asked by the plaintiff, and required the court to refuse that asked by the defendants.

FITZPATRICK & WILLIAMSON, and ARRINGTON & GRAHAM, contra.—The deed from V. H. Vaughan to Ryan recites the receipt by Vaughan of the money for his wife ; that the property described in the deed was "mainly the result of the investment of said sum of money," and that "the said property of right is the separate estate of my wife." These recitals were an admission of the title of Mrs. Vaughan, made by Vaughan, while the property was in his possession, which was good against Ryan.—*Gillespie's Adm'r v. Barleson*, 28 Ala. R. 551; *Brewer v. Logan*, 19 Ala. R. 481 ; *Fontaine v. Beers & Smith*, 19 Ala. R. 722 ; *Barnes v. Mobley*, 21 Ala. R. 232.

In the absence of any other proof, this admission was

conclusive that the property belonged of right to Mrs. Vaughan. If this was so, the legal title to the mules was already in her (no deed or other instrument in writing being necessary to vest the legal title to personalty,) and could not be conveyed to any one, except in the manner and for the purposes provided by the Code.

The deed to Ryan was only executed by the husband; was not a sale for re-investment, and was against the policy of the law, as it divested the husband of the character of trustee of his wife without a decree of the court of chancery.—*Wilkinson v. Cheatham*, January term, 1871.

The deed, therefore, conveyed no title to Ryan, and when offered to show title was properly excluded.

Ryan could only recover by virtue of constructive possession, under title in himself, or by proof of actual possession. There was no proof of title, except the deed excluded, and no proof of actual possession. The charge asked by plaintiff was, therefore, properly refused, and that asked by defendants was properly given.

On the case made by plaintiff, Mrs. Vaughan was the proper party plaintiff. A recovery by Ryan could not have been pleaded in bar of a suit by her.

B. F. SAFFOLD, J.—The appellant sued the appellees for the conversion of property, the legal title and possession of which he claimed as a trustee. In support of this claim he offered in evidence a deed from Vernon H. Vaughan to him, reciting that in consideration of eight thousand dollars of Confederate currency, the separate estate of his wife, Cornelia, received by him, the said Vaughan conveyed to the plaintiff in trust for his said wife certain real and personal property therein described, the title to which was in his own name, though it had been procured chiefly by his investment of the funds above mentioned. The property alleged to have been converted is a part of that described in the deed. This evidence was excluded, on the ground that so far from showing the right of the plaintiff to maintain the suit, it made apparent his want of title to the property. The plaintiff having, as a

witness in his own behalf, testified to the facts recited in the deed, the court charged, at the request of the defendants, that the jury must find for them, which was accordingly done.

The correctness of the action of the court is maintained for the appellees on the ground that the statute (Revised Code, § 2372,) vests in the husband, as her trustee, the property of his wife, and he can not by such a conveyance divest himself of that character, and confer it upon another. And further, that as husband and wife can not "contract with each other for the sale of any property," (Rev. Code, § 2374,) he can not do so even with the consent of his wife.

In many instances the only evidence of title to property is its possession, identity and the source whence it was derived. These will do unless another holds title deeds and papers which obscure, even if they do not repel, the rightful ownership. When this is the case the real owner has his right of action to establish his ownership. If the possessor of these muniments does voluntarily what the law would compel him to do, his action will be maintained. *Wilson v. Shepperd*, 28 Ala. 623.

Where the husband converts the *corpus* of his wife's property, using it in the purchase of property, the title to which he takes in his own name, he is her debtor,—*Jenkins v. McConnice*, 26 Ala. 213. The prohibition against contracts between husband and wife, in § 2374, Revised Code, introduced no new feature into the law governing the marital relation. Nor did the *quasi* trusteeship of the husband, created by § 2372, Rev. Code, limit her sources of receiving property. In *Lady Arundel v. Phipps*, 10 Vesey, 139, a purchase by a married woman from her husband, through the medium of trustees for her separate use and appointment was declared to be sustainable against creditors, if *bona fide*, though the husband be indebted at the time, and the purpose being to preserve from his creditors for the family the subject of the purchase, Lord Eldon declaring that the doctrine was not so either in equity or at law, that husband and wife could not after marriage contract for a

*bona fide* and valuable consideration for a transfer of property from him to her, or trustees for her.

Shall we deny the power of a husband to pay a debt due to his wife by a conveyance of his property to a trustee for her use, in order to preserve his trusteeship of her property? Section 2372, Rev. Code, refers only to such property as the husband may be trustee of, and does not forbid the acquisition by the wife of property of which he can not be her trustee. So, § 2372, Rev. Code, refers to contracts directly between them other than such as the law would compel him to make. The rulings of the court above mentioned were erroneous.

The judgment is reversed and the cause remanded.