# Rivers v. Carleton et al.

*Bill in Equity by Widow, against Alienee of Deceased Husband, to establish and protect her Separate Estate.*

1. *Wife's separate estate; how created, and when protected against husband's creditors.* — A married woman may, with the consent or approbation of her husband, acquire a separate estate in the savings of her own industry and economy, which a chancery court will protect against the subsequent creditors of her husband; and if her husband uses her separate funds, thus acquired, in the purchase of lands, taking the title to himself individually, and mortgages these lands, against her consent, to secure debts subsequently contracted by him, she may maintain a bill in chancery, after her husband's death, against the mortgagee and a purchaser at the mortgage sale.

2. *Allegations of wife's bill, as to creation of her separate estate.* — In a bill filed by a married woman or widow, seeking to establish her title to certain real estate, which she claims as her separate estate, because purchased with funds acquired by her own industry and economy; an averment that the property "is her separate estate" must, on demurrer, be held equivalent to an averment that it was so acquired with the consent, concurrence, or approbation of her husband.

APPEAL from the Chancery Court of Clarke.
Heard before the Hon. A. W. DILLARD.

PRICE & GIBBONS, for appellant.

D. C. ANDERSON, contra.

PETERS, C. J. — This is a suit in chancery by Mrs. Rivers, to recover her separate estate held by her before her husband's death. The foundation of her title is thus stated in the bill: " About the year 1852, or during that year, one Joshua Bryant, a friend and acquaintance of your oratrix, became sick and diseased nigh unto death, and did subsequently die. During the protracted illness of said Joshua, your oratrix was asked to aid the sister of said Joshua Bryant, who was for a long time sick and an invalid ; and for which aid and assistance, so rendered by your oratrix, one Joseph Bryant gave your oratrix fifty dollars in cash money ; and which money your oratrix received as a gift, and which amount she claims to have been her *separate estate*, and with which money your oratrix did pay for a certain small tract of land, then called the ' McClure place,' and upon which your oratrix resided for many years, and which she sold after many years." The bill further states, that the husband of Mrs. Rivers was a steamboat-man, and much away from home ; and by her industry, economy, and reinvestment of the funds arising from the sale of the " McClure place," she was enabled to raise her family, and increase her separate estate, so as to buy a second tract of land, of much greater value, the title to which was taken in her husband's name, but it was still claimed by her as her separate estate. Ultimately, the husband failed in business, and, against his wife's consent, conveyed the lands so purchased with the funds of her separate estate, to secure the payment of his own debts. The husband died, and the lands thus conveyed by him were sold under his conveyance. The last purchase of lands claimed by the complainant was made on the 19th day of December, 1859, and paid for with the funds furnished by her out of her separate estate; yet the title was taken in the name of the husband. The bill was dismissed, on demurrer, in the court below ; and Mrs. Rivers brings the case here by appeal from that judgment, and assigns the same for error.

The objection made by the demurrer to the bill seems to be, that the statements of the bill do not show a separate estate in the complainant, which chancery will protect. We think the objection is not well taken, and the demurrer should have been overruled. The husband may permit the wife to have the benefit of the savings of her own industry for her separate property. *Slanning* v. *Style*, 3 P. Wms. 334 ; 2 Kent, 163, and cases there cited. The wife's interest having originated after our statute regulating and securing to her her separate property as found in the Code, and before any creditors show any right to interfere with the same, as soon as the Code went into effect, it extended to her its protection. Rev. Code, §§ 2371, 2383, 2388. *McLemore* v. *Pinkston*, 31 Ala. 266 ;

*Knuckles* v. *Pinkston*, 38 Ala. 614 ; *Pinkston* v. *McLemore*, 31 Ala. 308. Under the Code, after the *first* of March, 1848, the wife's estate was not, and could not be made, subject to the payment of the debts of the husband. Rev. Code, §§ 2371, 2372. Then, the husband's conveyance in 1866, to secure the payment of his own debts, is of no avail against her right. Nor will it be permitted that a deed taken in the husband's name, without mentioning himself as her trustee, on the reinvestment of her funds in lands or other property, for her use, shall defeat her right to the property thus acquired. *Marsh* v. *Marsh's Adm'r*, 43 Ala. 677. The demurrer admits the averment of the complainant's *separate* property in the lands in controversy. As long as this is admitted, she is entitled to have her right protected. 43 Ala. 190, 677 ; 45 Ala. 337 ; 44 Ala. 161 ; 46 Ala. 269 ; 46 Ala. 323.

It is possible, that the bill would be more in conformity with the principle of the earlier cases, if it alleged that the acquisitions of the wife since the first of March, 1848, were made with the consent, concurrence, or approbation of the husband, and that he acquiesced in her claim to the same as her separate estate. See 3 P. Wms. 334, 335, *supra ;* and *Marsh* v. *Marsh's Adm'r*, 43 Ala. 677, *supra*. But the allegation that the estate claimed " is her separate property," must be held, on demurrer, to cover this defect. The decree sustaining the demurrer, and dismissing the bill, is erroneous.

The judgment of the court below is reversed, and the cause is remanded, for further proceedings in the court below in conformity with law. The appellees in this court will pay the costs of this appeal in this court, and in the court below.