# Rowland & Co. v. Plummer.

### Attachment and Garnishment ; Contest with Transferee.

1. *Burden of proof as to transfer of note, on contest between attaching creditors and transferee.* — Where a garnishee answers, admitting the execution of a promissory note by him to the defendant in attachment, but stating that, since the service of the garnishment, he has been notified of the transfer of said note to another person ; and an issue is thereupon made up under the statute (Rev. Code, § 2978) between the plaintiff in attachment and the transferee; in which, the latter alleges " that said promisory note was, for valuable consideration, transferred and assigned by indorsement to him, and that he is the lawful holder thereof; " and the plaintiff " takes issue on the facts stated in said claim, and denies that the claimant is the owner of said note," — the plaintiff is the actor, and the *onus* is on him to prove the invalidity of the alleged transfer.

2. *Transfer of promissory note, by husband, to trustee for wife.* — If the husband is indebted to the wife, for moneys belonging to the *corpus* of her statutory separate estate, which he has received and used, he may lawfully transfer to her, or to another person as trustee for her, a promissory note of which he is the owner and holder; and so far as the rights of his other creditors are concerned, such transfer stands on the same footing as any other conveyance by a debtor.

[Rowland v. Plummer.]

3. *Insolvency of trustee or assignee.* — On the trial of an issue respecting the validity of the transfer of a promissory note by the husband to a trustee for the wife, between the trustee and attaching creditors of the husband, the creditors cannot be allowed to prove that the trustee was insolvent at the time the note was transferred to him, since the fact of his insolvency does not affect the validity of the assigment, nor the rights of the respective parties under it.

4. *Competency of husband, as witness for wife's trustee.* — Under the statutes of this State abolishing the common law rule as to the incompetency of witnesses on the ground of interest (Rev. Code, §§ 2704, 2731), the husband is a competent witness for the wife's trustee, claiming a promissory note under a transfer by the husband, in a contest with an attaching creditor of the husband.

5. *Competency of attorney, as witness for client.* — The rule, which forbids the examination of an attorney as a witness, respecting "confidential communications" between him and his client, extends only to disclosures which are prejudicial to the client, and may be waived by him; but there is no principle of public policy, which prevents the attorney from testifying as a witness for his client, in a contest with another person.

6. *Internal revenue stamp on indorsement of note.* — An indorsement on a promissory note on the 6th June, 1870, which was not stamped as required by the acts of Congress then in force, may nevertheless be read in evidence, if it appears that the proper stamps were afterwards affixed.

7. *Conflicting rights of attaching plaintiffs and transferee of note, as affected by notice of transfer.* — Where the plaintiffs in attachment seek to condemn, in the hands of a garnishee, a promissory note which was transferred by the defendant in attachment to a trustee for his wife; and an issue is made up between them and the transferee, to test their respective rights to the note, or to the debt evidenced by it; if it appears that the transfer was in fact made before the service of the garnishment, although the garnishee was not notified of it until after the service, the claim of the transferee must prevail over that of the plaintiff in attachment.

8. *Charge on conclusiveness or effect of evidence.* — The court may instruct the jury, without being requested so to do, "that they are bound to believe the evidence unless impeached or discredited:" this is not a charge "on the effect of the evidence," which the court is not authorized to give unless requested. Rev. Code, § 2678.

9. *Loan of money by wife to husband.* — The wife may lend to her husband, and he may lawfully borrow from her, money belonging to her statutory separate estate; and he thereby becomes her debtor for the sum so borrowed.

10. *Registration of assignment of promissory note.* — An assignment indorsed on a promissory note, in these words: "For and in consideration that I am indebted to my wife, A. E., in the sum of $5,000, for money of her separate estate borrowed and used by me, and am desirous to pay the same, I do hereby transfer and assign the within note to W. T. P., as trustee for the said A. E., who, as trustee, is hereby directed and empowered to collect the amount of same when due, and pay the proceeds to the said A. E. as a credit on my indebtedness to her," — is not such an instrument for the security of a debt as is required to be recorded. Rev. Code, § 1561.

11. *Waiver of points not urged or assigned as error.* — An assignment of error, not urged or noticed in the brief of the appellant's counsel, will be considered as waived; and so also a point which, though excepted to in the court below, and urged in the brief, is not specially assigned as error.

APPEAL from the Law and Equity Court of Lawrence.

Tried before the Hon. JAMES S. CLARK.

The appellants in this case commenced suit by attachment against W. R. Johnson on the 15th June, 1870, and summoned R. E. Tweedy and A. E. Ashford, by process of garnishment, as the debtors of said Johnson. The garnishees filed separate answers, admitting that, on the 6th day of June, 1870, they executed their joint and several promissory note for $3,174.15, payable on the 1st day of January, 1871, to said W. R. Johnson or bearer; and stating that, since the service of the garnishment,

they had been notified that said note had been transferred to William T. Plummer, as trustee for Mrs. Annie E. Johnson, who was the wife of said W. R. Johnson. The record does not show when the garnishment was served on said Tweedy and Ashford, nor when their answers were filed; but the answers were sworn to, respectively, before a notary public, on the 2d and 12th September, 1870. Thereupon, said Plummer appeared, and propounded his interest in the note, under oath, on the 17th March, 1871, in these words: " Comes W. T. Plummer, trustee, &c., and propounds his claim, as required by section 2978 of the Revised Code of Alabama, and says that he, as trustee of Annie E. Johnson, has a just claim to a certain promissory note for $3,174.15, made and executed on the 6th day of June, 1870, by R. E. Tweedy and A. E. Ashford, jointly and severally, payable to W. R. Johnson or bearer; that the said promissory note was, for valuable consideration, transferred and assigned by indorsement to him, as trustee of Annie E. Johnson as aforesaid, on the 6th day of June, 1870, and he is the lawful holder of said note; and that said promissory note is the same note described in the answer of R. E. Tweedy to the garnishment in this cause." To this statement the plaintiffs filed the following answer, or replication: " The plaintiffs take issue on the facts alleged in this claim, and deny that the claimant is the owner of the said note."

On the issue thus joined between the parties, as the bill of exceptions shows, the plaintiffs proved that the consideration of said note was the purchase by said Tweedy of said W. R. Johnson's interest in the mercantile houses of Ashford & Johnson, and Ashford, Johnson & Co., of which said Johnson was a partner; while the claimant's evidence tended to show that the money invested in said mercantile firms by said Johnson belonged to his wife, having been given to her by him in 1869, after their marriage, and borrowed from her to be used in said business. Said W. R. Johnson was offered as a witness by the claimant, to prove the gift of the money to his wife, and the circumstances connected with the transfer of said note to Plummer, who was the father of Mrs. Johnson, and resided in Somerville, Tennessee, at the time the note was transferred to him. The plaintiffs objected to his competency as a witness, and reserved an exception to the overruling of their objection. Mrs. Johnson was also allowed, against the plaintiffs' objection, to testify as a witness for the claimant; and an exception was reserved by the plaintiffs to this ruling.

The transfer, or indorsement of the note, was in these words: " Courtland, Ala., June 6, 1870. For and in consideration that I am indebted to my wife, Annie E. Johnson, in the sum of five thousand one hundred and fifty dollars ($5,150), for

money of her separate estate, borrowed on the 12th day of March, 1869, and used by me, and am desirous to pay the same, I do hereby transfer and assign the within promissory note to Wm. T. Plummer, as trustee for the said Annie E. Johnson, who, as trustee, is hereby directed and empowered to collect the amount of the same when due, and pay the proceeds to the said Annie E. Johnson, as a credit on my indebtedness to her;" signed by the said W. R. Johnson. Appended to this indorsement was a memorandum, signed by R. F. Patterson, the collector of internal revenue for the United States at Memphis, Tennessee, in these words: "Internal revenue stamps, to the amount of $3.50, affixed to this instrument, and cancelled by me, at the request of Annie E. Johnson, this 10th day of July, 1872; penalty, $7.00, paid." The bill of exceptions does not show that any objection was made by the plaintiffs to the admission of this indorsement as evidence, though one of the assignments of error is founded on its admission.

"The contestant offered E. H. Foster as a witness, to prove the circumstances, time, &c., under which said note was transferred, and that said W. R. Johnson had consulted him professionally about the said transfer, and that he dictated, while said Johnson wrote the said transfer. The plaintiffs objected to the competency of said Foster as a witness, on the ground that he was the attorney of said Johnson about the matter, and all he then said and did about the transfer of the note were confidential communications, and it was against public policy to ask him about it." The court overruled the objection, and allowed said Foster to testify as a witness; to which ruling the plaintiffs excepted.

"After the contestant had closed his evidence, the plaintiffs recalled said W. R. Johnson, and proposed to ask him, whether his wife did not now own some real estate, or other property, in Somerville, Tennessee, or elsewhere; and how she got this property, if any she owned; and how she derived title to the same, and the time when; and whether he had not conveyed property to her since he left Alabama, and since the 6th June, 1870; and whether she owned any property shortly after the 6th June, 1870; and if so, how much, and how she held it, and upon what title, and from whom, — as circumstances to show that she had been fully paid her debt, if any debt there was against said W. R. Johnson; and if such was the fact, as circumstances to show fraud on the part of said W. R. Johnson in transferring said note to Plummer as trustee for his wife." The contestant objected to these questions, as being illegal and irrelevant, and the court sustained the objection; to which the plaintiffs excepted."

"As a circumstance to show fraud on the part of said W. R.

Johnson, as against his existing creditors, in the transfer of said note to said Plummer as trustee, the plaintiffs proposed to prove the insolvency of said Plummer at and before the time of the transfer of said note to him, to wit, on or about the 6th June, 1870; which evidence the court would not permit to go to the jury, and the plaintiffs duly excepted."

The bill of exceptions purports to set out all the evidence, and recites that " the court thereupon gave the following charges to the jury, to wit : —

" *Charge No.* 1. ' That whether Tweedy and Ashford, garnishees, had notice of the transfer of the note to Plummer, as trustee for Annie E. Johnson, before service of the garnishment, made no difference whatever; that if the transfer was legal, and all right, the note was not subject to the garnishment; that the title passed to Plummer by the transfer, and Tweedy and Ashford could not be held as garnishees on the note in a suit against W. R. Johnson, although they had no notice of the transfer until after the service of the garnishment.' To this charge the plaintiffs duly excepted.

" *Charge No.* 2. ' That if the jury believe, from the evidence, that the transfer of the note by Johnson to Plummer as trustee for Mrs. Johnson was made to hinder and delay or defraud his creditors, and that no actual assent to the transfer was made by Mrs. Johnson, the beneficiary, until after the service of the garnishment on said Tweedy and Ashford, then they must find for the plaintiffs ; but they must look to the testimony as to such actual assent or not, and are bound to believe the evidence, unless impeached, on that question ; that the jury is bound to believe the evidence before them, unless impeached or discredited.' To the latter part of this charge, about the jury being bound to believe the evidence unless impeached or discredited, the plaintiffs excepted.

" *Charge No.* 3. ' That the burden of proof, on this issue, was on the plaintiffs, Rowland & Co., and it is incumbent on them to prove the illegality and invalidity of the transfer of the note by Johnson to Plummer, and not on the contestant to prove its legality and validity.' To this charge, also, plaintiffs excepted."

The plaintiffs then requested the following written charges:—

" 1. That unless Johnson was indebted to his wife at the time of the transfer of the note to Plummer as trustee for her, said transfer was merely voluntary, and without consideration, and void as to the then existing creditors of said Johnson.

" 2. That if they believed, from the evidence, that the transfer of said note, was made to hinder, delay, and defraud the creditors of W. R. Johnson, then they must find for the plaintiffs.

[Rowland *v.* Plummer.]

" 3. That Johnson was the trustee for his wife, of all property belonging to her as her statutory separate estate, and as such all her property vested in him, and he had the right to the management and control of it.

" 4. That Johnson could not borrow his wife's statutory separate estate.

" 5. That Johnson could not become a debtor to his wife by the simple act of borrowing money belonging to her as her statutory separate estate, and that Johnson and his wife could not contract with each other for him to borrow money belonging to her as her statutory separate estate.

" 6. That if the jury believed, from the evidence, that the garnishees had no notice of the transfer of their note by Johnson to Plummer before the service of the garnishment, and that said Plummer was negligent in notifying them of the said transfer, said note was subject to the garnishment in this case, and a lien attached in favor of the plaintiffs on said note.

" 7. If the jury believe that the instrument of writing on the back of the note was not recorded, or deposited for record, in the probate court of Lawrence county, Alabama, before the levy of the attachment by service of the garnishment on Tweedy and Ashford, then the said instrument of writing is inoperative and void as against the then existing creditors of said Johnson, and the attachment is a lien on the note in controversy, and the contestant is not entitled to recover.

" 8. If the jury believe that the indorsement, or instrument in writing on the back of the note, was not stamped until after the levy of the attachment, then the contestant is not entitled to recover. "

The court gave the 1st, 2d, and 3d charges as asked, but refused the others ; and the plaintiffs excepted to their refusal.

The court also gave, at the request of the contestant, the following charges in writing : " 9. The wife must join in a fraudulent action, before her rights can be defeated by fraud."
" 10. If the jury believe, from the evidence, that Johnson took his wife's separate estate money with her consent, and used it, it was competent for him to repay the same to her ; and to that end, it was legal for him to make an assignment of the note to Plummer, to secure the payment to her, provided it was an honest transaction." To these charges also the plaintiffs excepted.

The errors now assigned are : —

" 1. The court erred in refusing to allow the appellants to prove the insolvency of Plummer, as shown by the bill of exceptions.

" 2. The court erred in permitting W. R. Johnson to give evidence for his wife, as shown by the bill of exceptions.

[Rowland v. Plummer.]

" 3. The court erred in permitting Foster, the attorney for the parties, to testify, as shown by the bill of exceptions.

" 4. The court erred in permitting the transfer on the back of the note to be read in evidence, for the reason that it was not properly stamped, as shown by the record.

" 5. The court. erred in permitting Mrs. Johnson to give evidence for her husband, as shown by the bill of exceptions.

" 6. The court erred in giving charges numbered 1, 2, and 3, as shown by the bill of exceptions.

" 7. The court erred in refusing to give the written charges numbered 4, 5, 6, 7, and 8, as shown by the bill of exceptions.

" 8. The court erred in giving the charges numbered 9 and 10, as shown by the bill of exceptions.

" 9. The court erred as shown by the bill of exceptions.

JOHN PHELAN and C. C. HARRIS, for appellants, made the following points: 1. The appellants ought to have been permitted to prove the insolvency of Plummer at the time the note was transferred to him. Where the question of fraud in a transaction is involved, as here, great latitude is allowed in the admission of evidence. *Benning* v. *Nelson*, 23 Ala. 801. That the selection of an insolvent person by a debtor, as assignee or trustee, is a fraud on his creditors, see Burrill on Assignments, 2d ed. p. 67; also, 18 Ala. 301.

2. W. R. Johnson was not competent as a witness for the trustee of his wife. At common law, the husband was not a competent witness for the wife, either at law or in equity; and this, on the grounds of interest and public policy. 1 Greenl. Ev. § 334; Gresley's Eq. Ev. 40; *Wilson* v. *Sheppard*, 28 Ala. 623. The statute has removed the incompetency resulting from interest, but the question of public policy remains unchanged. The case of *Robinson* v. *Robinson* (44 Ala. 227), on this point, only affirms the competency of the husband, under the peculiar circumstances of that case, on the ground of necessity, — " because he alone knew what disposition he had made " of his wife's separate estate; and does not establish his competency to prove a gift to his wife, as was done in this case.

3. Foster was not competent as a witness to prove anything connected with the transfer of the note, since he was the attorney of Johnson and wife in that matter. The plaintiffs certainly could not have compelled him to testify about these matters, and he ought not to have been allowed to testify against them. Some old authorities hold, that the privilege is personal, and may be waived by the client; but the record does not show any waiver by Johnson or his wife, who were the clients. It is submitted, however, that the rule is founded on a principle of great public policy, to promote the adminis-

[Rowland v. Plummer.]

tration of public justice, and not to subserve the private interests of individual suitors. *Parish* v. *Gates*, 29 Ala. 254.

4. Mrs. Johnson ought not to have been allowed to testify as a witness. The only question was as to the right of Plummer, as her trustee, to the note in dispute; and the main point in controversy was, whether the transfer of the note by her husband was fraudulent. 28 Ala. 623.

5. The evidence which the plaintiffs sought to elicit from Johnson, and which the court refused to allow, was relevant and proper. If Mrs. Johnson had been fully paid her debt, prior to the 6th June, 1870, then the transfer of the note for her benefit was voluntary, and void as against existing creditors; and the evidence was intended to establish this fact.

6. Plummer lost his prior equity, as against these plaintiffs, by his failure to notify the garnishees of the transfer until after the service of the garnishment. Drake on Attachments, § 575. Under the facts in proof, it was his duty at once to notify the garnishees of his claim, so that the creditors might have sought other property; and he must suffer the consequences of his laches. The first charge of the court, therefore, was erroneous.

7. The last part of the second charge — " that the jury were bound to believe the evidence, unless impeached or discredited " — was a charge " on the effect of the evidence," which the court had no right to give, unless requested. Rev. Code, § 2678; *Morris* v. *Hall*, 41 Ala. 510.

8. The claimant, when notified, must propound his interest, under oath; " upon which the plaintiff must take issue in law or in fact." Rev. Code, § 2978. This clearly makes the contestant assume the affirmative of the issue, and throws on him the burden of proof. The proceeding is unlike a trial of the right of property. The answer of the garnishee makes out a *primâ facie* case for the plaintiff, when he admits an indebtedness to the defendant in attachment; and the plaintiff is entitled to judgment against him, unless the transferee appears, and successfully establishes his title. The transferee is compelled to aver the validity of the transfer, and the *onus* of proving that fact rests on him. 12 Ala. 25; 11 Ala. 181; 1 Brick. Digest, 187.

9. Husband and wife cannot contract with each other, for the sale of any property. Rev. Code, § 2374; 39 Ala. 138. The fourth and fifth charges asked should have been given.

10. The assignment indorsed on the note has all the ingredients of a deed of trust, or mortgage, for the security of a debt; and it ought to have been recorded. Rev. Code, § 1561.

11. The assignment was not stamped at the time it was made, as required by the acts of Congress then in force; and the col-

[Rowland *v.* Plummer.]

lector at Memphis, Tennessee, was not the " proper collector "
to affix them on the 10th July, 1872, when the assignment was
dated and written at Courtland, Alabama.    16 U. S. Statutes
at Large, 257, § 5 ; 14 Ib. 143, § 158 ; *Pugh* v. *McCormick,*
14 Wallace, 361 ; 46 Ala. 267.    The subsequent act of June
6, 1872, did not take effect until the 1st day of August, 1872 ;
and the 46th section expressly declares, that said act " shall
not be construed to affect any act done, right accrued, or pen-
alty incurred under former acts, but every such right is hereby
reserved."   The rights of these plaintiffs had then accrued, and
they are not affected by the subsequent stamping of the assign-
ment.

12. The 10th charge given, under the facts of the case, was
calculated to mislead the jury.

W. Cooper and E. H. Foster, *contra.* — 1.  The husband
was indebted to the wife, for borrowed money belonging to her
separate estate, to an amount greater than was due by the note ;
and the transfer to the trustee, in part satisfaction of that debt,
was valid in law.   *Sprague* v. *Tyson,* 44 Ala. 339.   A debtor
may lawfully confess a judgment for a just debt, when another
creditor threatens to sue out an attachment against him ; and
such confessed judgment is not even a badge of fraud.   *Rag-
land* v. *Cantrell,* at January term, 1873.   The husband may
lawfully sell a steamboat to his wife, and she may repair and
run it.   *Stone & Matthews* v. *Gazzam,* 46 Ala. 269.   If prop-
erty is voluntarily transferred by a husband, to hinder and de-
lay his creditors, the transaction is fraudulent and void ; but if
the transfer is an honest payment of a just debt, the transaction
will be upheld.   *Wills, Pulliam & Rankin* v. *Newberry,* 41 Ala.
173 ;  *Tatum* v. *Hunter & Thomas,* 14 Ala. 557.   A convey-
ance is not necessarily fraudulent and void, because its neces-
sary and inevitable effect is to hinder and delay creditors.
*Young* v. *Dumas,* 39 Ala. 60 ;  *Borland* v. *Mayo,* 8 Ala. 104,
118.

2. W. R. Johnson was a competent witness for the trustee.
At common law, the husband was declared incompetent as a
witness against his wife, on the ground of public policy ; but
his incompetency to testify for her was placed on the ground
of interest.   1 Phil. Ev. p. 77.   So far as the incompetency
resulted from interest, the rule has been changed by statute.
The question is fully settled by the case of *Robinson* v. *Robin-
son,* 44 Ala. 227.

3. Foster was properly allowed to testify.   The rule which
protected an attorney from examination as a witness — his
privilege, as it was called — was intended for the benefit of his
client, and might be waived by him. 1 Phil. Ev. 141, ed. 1839.

[Rowland *v.* Plummer.]

Even if the controversy had been between Johnson and his wife, Foster, as their common attorney, would have been a competent witness for either. *Parish* v. *Gates*, 29 Ala. 254. *A fortiori*, he was a competent witness for them, against all the world.

4. Mrs. Johnson was the party really interested in the suit, and no objection to her competency can be sustained. Rev. Code, § 2704.

5. The plaintiffs in attachment were the actors, and the burden of proof was on them. *Grady's Adm'r* v. *Hammond*, 21 Ala. 427 ; 11 Wendell, 240 ; 3 Barbour's Ch. 196.

6. The insolvency of Plummer, the trustee, had no relevancy to any of the issues involved in the case. The selection of an insolvent assignee by a debtor has been held evidence of an intent on his part to defraud his creditors, or to keep the control of his property in his own hand ; but the presumption of fraud in such cases is rebutted by proof that the creditors were consulted, and consented to the appointment. *Reed* v. *Emery*, 8 Paige, 417 ; *Tompkins* v. *Wheeler*, 16 Peters, 120. Here, the trustee was selected with the consent and approbation of the beneficiary; and the transfer of the note was, in no sense, a general assignment for the benefit of creditors.

7. The evidence sought to be elicited from the witness Johnson was not relevant. Courts will not tolerate any indirectness of examination, which shows that counsel are wasting the time of the court on mere experiments to improvise evidence, or else to bewilder the minds of the jury with vague inferences from facts and circumstances altogether indirect, and having no reasonable connection with the material facts in issue. *Wiswall* v. *Ross*, 4 Porter, 321–30 ; *Crenshaw* v. *Davenport*, 6 Ala. 390 ; *Cuthbert* v. *Newell*, 7 Ala. 457 ; *Cunningham* v. *Cochran*, 18 Ala. 480 ; *Carlisle* v. *Hunley*, 15 Ala. 623 ; *Florey* v. *Florey*, 24 Ala. 249 ; *Shields & Walker* v. *Henry & Mott*, 31 Ala. 53.

8. If notice of transfer is given to the garnishee at any time before he answers, he is bound to disclose the fact at his peril, and the garnishment does not impair his obligation to pay the assignee. *Colvin* v. *Rich*, 3 Porter, 175 ; *Foster* v. *White*, 2 Ala. 177 ; *Crayton* v. *Clark*, 11 Ala. 787 ; *Nicks* v. *Branch*, 12 Ala. 594 ; Rev. Code, § 2977.

9. The jury were properly instructed that they were bound to believe the evidence unless it was impeached or discredited. If the plaintiffs desired an explanatory charge, as to the different modes in which testimony may be impeached, they should have asked it.

10. An oral gift, perfected by delivery, or by acts tantamount to a delivery, may be made by a husband to his wife.

*Goree* v. *Walthall*, 44 Ala. 161. When the husband is in-debted to his wife, he may convey property to her by deed, or give personal property, in payment of the debt; and this is on the principle, that a man may voluntarily do what a court of equity would compel him to do. 2 Story's Equity, §§ 1374–5; 10 Ala. 348; *Wilson* v. *Sheppard*, 28 Ala. 623.

11. The assignment of the note was the transfer of a mere chose in action, and it was not necessary that it should be re-corded. Rev. Code, § 1553.

12. No stamp was necessary, under the acts of Congress, on negotiable paper. 2 Brightly's Digest, Internal Revenue, § 254; *Pugh* v. *McCormick*, 14 Wallace, 361. The proper stamps were affixed, out of abundant caution, and cancelled by a United States collector of the district in which the holder resided.

13. The question of fraud was submitted to a jury, and by them was decided adversely to the plaintiffs. This court, as well as others, will not strain conclusions, nor impute construc-tive fraud, when the facts are consistent with honesty and fair dealing, and have been sanctioned by the verdict of a jury. *Ala. Life Ins. Co.* v. *Pettway*, 24 Ala. 566; *Smith's Heirs* v. *Br. Bank*, 21 Ala. 135; *State* v. *Kinkle*, 3 Ala. 352.

PETERS, C. J. — No objection was made to the form of the issue, or the pleadings, in the court below. On the trial of such an issue, the plaintiff in attachment is the actor, and as-sumes to show that the assignment of the note is invalid. *Grady's Adm'r* v. *Hammond*, 21 Ala. 427; *Goodwin* v. *Brooks*, 6 Ala. 836. It would seem that, if the truth of the answer is not denied, the assignment, or transfer of the note, is admitted. 33 Ala. 454. This puts the assignee, or transferee, in the at-titude of a party in possession; and this possession is assailed by the plaintiffs in the attachment. Then, the assailing parties should show that they have a better title than the claimant, who is the party in possession of the note; because possession of property is evidence of title against all the world, save the real owner. 1 Greenl. Ev. § 34; 3 Phil. Ev. (C. & H. Notes), pp. 457, 458, and cases there cited. In this case, upon the pleadings shown in the record, Plummer comes into court in possession of the note in dispute, and claims to hold it as trus-tee of Mrs. Annie E. Johnson. Before the plaintiffs can dis-turb this possession, they must show that this title is insufficient. As was said by ORMOND, J., in the case above cited (6 Ala. 838), " The design of the law was to enable the plaintiff in attachment to contest the validity of the alleged transfer, or assignment." By taking issue upon the facts thus set up by the claimant, the plaintiffs admit the sufficiency and legality of

[Rowland v. Plummer.]

the title alleged, but deny the facts which support it. It would seem, therefore, that if these facts are proved to be true on the trial, the verdict must necessarily be for the claimant, and the garnishment must be discharged.

2. If the husband was indebted to the wife, for the use of the moneys of her separate estate which were under his control, he was bound to pay her what he so owed. *Ryan* v. *Bibb*, 46 Ala. 323; *Barclay* v. *Plant*, at the present term. This he could do, if he chose, without suit; and if he could not pay in money, he might take such other steps to secure the payment as could be taken with any other person. Marriage, in this State, does not degrade a woman, as a creditor, below the dignity and rights of any other creditor. What any other creditor may do, to enforce payment of his debts, or to secure their payment or composition, she may do as to her separate estate, under the limitations of the laws enacted for her protection. *Becton* v. *Selleck*, at the January term, 1872; *Barclay* v. *Plant*, *supra*. Placing the note, then, in the hands of Plummer, for the use of Mrs. Johnson, was not an act forbidden by law.

3. Plummer was a mere bailee, to hold in trust for Mrs. Johnson. His solvency or insolvency could not have affected the legality of the transfer, nor her rights under it; neither could it have affected his duties as her trustee. He was the father of Mrs. Johnson, and therefore a fit person to become her trustee. There was no error in rejecting the attempt to prove his insolvency as a badge of fraud.

4. The objections to the competency of Johnson, the defendant in attachment, and of Foster, the attorney of Johnson and his wife, rest upon similar, if not identical grounds. The pith of these objections seems to be this : that to admit the testimony of witnesses so situated is immoral, and against the public policy. This would be a competent objection, if it were true. This was the objection allowed at common law against a party testifying in his own case, or in a case in which he might be interested in the judgment. It may now be gravely doubted whether this rule of the common law applies in any civil suit since the adoption of the Revised Code. The old rule of exclusion on account of interest, and connection with the case as a party, is now abolished, except in a single instance, which is not this case. Rev. Code, § 2704. All parties to the suit may now be compelled to testify in favor of the opposite party, when such party may choose to require it. Rev. Code, §§ 2731 *et seq.* The oath of the witness demands an exhibition of the whole truth, so far as the party testifying knows it. Rev. Code, § 2703; 1 Greenl. Ev. § 328. This would compel the witness to disclose all that passed between him and his attorney, so far as it is pertinent to the issue. The party to the

suit being thus bound to tell the whole truth of the matter, and what he had said about it to others, if demanded, as a means of testing his own veracity, there would seem to be little reason in protecting the attorney from a like disclosure. The object of the law is to elicit the whole truth, and this object must govern its policy. The law is the command of the sovereign power, and it speaks the public policy of the State. The law makes all parties to the suit competent, except in certain cases (of which this is not one). The husband is a competent witness for the wife, and the wife is a competent witness for the husband, in such a case as this. *Robinson* v. *Robinson*, 44 Ala. 227 ; Rev. Code, § 2704.

5. As to the attorney, his privilege is personal, and the client may waive it. 1 Phil. Ev. (Cowen's ed. 1849) p. 163 ; 3 Ib., Notes, pp. 182 *et seq.* It seems, also, that the disclosures which are forbidden to be made, are such as would be prejudicial to the client. He could not complain of that which did him no injury. 3 Phil. Ev. 162. Foster, then, was not incompetent, and he was properly admitted.

6. The testimony shows that the proper stamp was appended to the indorsement on the note, before it was offered in evidence. It could not, then, have been used with intent to defraud the government of the United States. Such an instrument is competent as evidence in a state court. *Foster* v. *Holly*, at the last term ; also, *Dailey* v. *Coker*, 33 Texas, 815 ; *S. C.* 7 Amer. Rep. 279 ; *Rheinstrom* v. *Cone*, 26 Wis. 163 ; *S. C.* 7 Amer. Rep. 48, and cases cited in note. There is nothing in the fourth assignment of error.

7. The sixth assignment assails the accuracy of charges given by the court on the trial below, which are numbered 1, 2, and 3. The obligation of Tweedy and Ashford on the note in controversy was to pay to the legal owner the amount due thereon. The indorsement passed the title out of W. R. Johnson, and vested it in his indorsee. Rev. Code, §§ 1838, 2523. After such indorsement, it ceased to be the property of the indorser, and could not be seized on attachment as his property. Only his property could be attached for his debt. Rev. Code, §§ 2943, 2944. The indorsement, in this case, was older than the levy of the attachment by service of the garnishment on Tweedy and Ashford. In such event, the indorsement must prevail over the garnishment. This is the substance of charge number 1, of the learned judge on the trial below. It was correct.

8. Charge number 2 is not objected to as a whole. The portion objected to as set out in the bill of exceptions is thus stated : " And plaintiffs excepted to the part of the said charge about ' the jury being bound to believe the evidence unless im-

[Rowland *v.* Plummer.]

peached or discredited.' " The oath of the juror is, that the verdict must be rendered " according to the evidence." Rev. Code, § 4092. This means all the evidence that has been delivered to them on the trial. They are not at liberty to disregard any portion of it. If unimpeached or discredited, it all rests on the same basis ; but, in this view of the evidence, any conflict is an impeachment. And then the jury must judge what credit must be given to the conflicting evidence. If there is no conflict, then the evidence is to be taken to be true, and the court may charge the jury to find a verdict in its favor, as in case of a demurrer to the evidence. *Hollingsworth* v. *Martin*, 23 Ala. 591 ; *Walker* v. *Walker*, 41 Ala. 353 ; *Costley* v. *Tarver*, 38 Ala. 107 ; *Barker* v. *Bell*, 37 Ala. 354 ; *Freeman* v. *Scurlock*, 27 Ala. 407. This could not be the case, unless the evidence, when uncontradicted or unimpeached, is to be taken as true. In this view of our decisions, I think the charge of the court was without error.

In the case of *Goodwin* v. *Brooks* (6 Ala. 836), already above cited, this court said : " Here, it appears, the assignee appeared in obedience to the summons ; and the plaintiff in attachment making no allegation whatever against him, the court discharged him." " The plaintiff in the attachment is the actor in the proceeding, and if he does not prefer his allegations against the assignee, he will be entitled to be discharged for the omission of the plaintiff to prosecute the inquiry." In this case, the discharge of the assignee was held to be correct. 6 Ala. 838. In like manner, if the plaintiffs in attachment, in the case at bar, had offered no evidence in support and prosecution of their claim, the assignee, Plummer, should have had judgment for his costs ; and if such evidence should be offered, it should be sufficient to sustain the claim of the attaching creditors, and put the contestant on his defence. This seems to have been the construction put upon the law regulating this proceeding in the court below, in the charge complained of. This charge was correct. This disposes of the sixth specification of the errors assigned.

9. The seventh specification of the assignment of errors states the refusal of the court below to give the charges asked by the plaintiffs, which include several questions that are by no means identical. These charges, marked 4 and 5, assert the illegality of a loan of the wife's money to the husband. If these charges had been given, they would have had the effect to exclude the evidence of Mrs. Johnson and her husband from the jury. Their testimony, which, in this respect, is wholly uncontradicted, very clearly proves the fact against which the objection is aimed. The Code declares, that the " husband and wife cannot contract with each other for the *sale* of any property." Rev.

Code, § 2374.   It was settled in *Goree* v. *Walthall* (44 Ala. 161), that this prohibition did not forbid the husband to make a gift to the wife during coverture.   The husband's power to dispose of his property as he pleases is absolute, when he does not do so with intent to defraud his creditors.   *Crawford* v. *Kirksey*, at June term, 1872 ; *Hawkins* v. *Bailey*, at the same term ; *Atwood* v. *Beck*, 21 Ala. 590, 608 ; *Sexton* v. *Wheaton & wife*, 8 Wheat. 229 ; *Hinde's Lessee* v. *Longworth*, 11 Wheat. 199.   That the wife should be excluded from the benefit of this great right is hardly to be supposed, from anything found in the law for her protection, except in the single instance above specified.   Outside of this single prohibition, she may acquire the ownership of property " by descent, *gift*, or *otherwise*," and hold it and enjoy it as her separate estate, not subject to the debts of her husband.   Rev. Code, §§ 2371, 2388.   But the property thus acquired by the wife " is subject to all the rules, regulations, and limitations contained " in the Code upon the " separate estate of wife."   Rev. Code, § 2382. These " rules, regulations, and limitations " do not forbid her to loan her moneys to any person, whom she and her husband may select.   As her estate is liable for the " support of the household," to the extent, and in the manner prescribed by the Code, it would be clearly unjust to her not to permit her to loan her moneys for the purpose of enabling her to do this.   Rev. Code, § 2373 ; *Scott* v. *Griggs*, at the January term, 1873. The property of the wife vests in the husband, as her trustee ; he may receive it, and he has the right to manage and control it, and use the rents, income, and profits of the same, without accounting to the wife, except for the *corpus* of her estate. Rev. Code, §§ 2372, 2375.   Then, such a loan of the wife's funds to the husband, or a use of such funds by him for his own purposes, would not be void, or illegal, and he would be bound to account for the same, except, perhaps, for the interest ; which could not go to the attaching creditors, as this would not be liable for the husband's debts.   Rev. Code, § 2372 ; *Ryan* v. *Bibb*, 46 Ala. 323 ; *Barclay* v. *Plant*, at the present term ; *Saunders* v. *Garrett*, 33 Ala. 454.   There was no error, then, in refusing charges marked 4 and 5, in the transcript.

The charge marked 6 presents a different question.   It asserts the proposition, that if Tweedy and Ashford were served with the summons in garnishment before they were notified of Plummer's claim, this would subject the note to the lien of the attachment in this case.   The court refused this charge, and I think, properly.   After the transfer of the note to Plummer, as the trustee of Mrs. Johnson, the debt secured by it ceased to belong to the defendant in the attachment, and it could not be subjected to the payment of his debts.   The levy of the at-

[Rowland *v.* Plummer.]

tachment by service of the garnishment creates the lien. If this was subsequent to the transfer, it could not prevail over it, if the garnishees had notice of the transfer before they answered. Here, this was the case. Rev. Code, § 2955 ; *Brooks* v. *Hildreth & Moseley*, 22 Ala. 469. There was no error, then, in the refusal of this charge.

10. There was no error in the refusal of the charge marked 7. The indorsement of a promissory note by the owner and holder passes the title to the indorsee. Such an indorsement need not be recorded to protect it against the creditors of the indorser. Rev. Code, § 1838.

The indorsement was sufficiently stamped to give it validity. *Foster* v. *Holly*, *supra*. The charge marked 8 was, therefore, properly refused.

The objection to the 10th charge has already been considered. If Johnson used the money of his wife's separate estate, he was certainly bound to refund it, except the interest, as has already been shown. *Ryan* v. *Bibb*, 46 Ala. 323; *Barclay* v. *Plant*, and cases *supra*.

The charge marked 9 is in these words ; " The wife must join in a fraudulent action, before her rights can be defeated by fraud." As a general proposition, expressed in the terms here used, this is correct. This point is, however, not elaborated or noticed in the learned brief of the appellants' counsel. When this is the case, it is presumed that the point is not insisted on, but abandoned. 1 Brickell's Dig. p. 102, § 285. The same may be said of the court's ruling, which was objected to, on recalling the witness Johnson, to prove whether Mrs. Johnson owned any property shortly after the 6th day of June, 1870. This is not included among the errors assigned. And it is the practice of this court not to notice any others. 1 Brickell's Dig. p. 102, §§ 279, 281.

A careful examination of this important and interesting case, in which I have been very much aided by the learned and suggestive briefs of the counsel for the parties in this court, leads me to the conclusion that the judgment of the court below ought to be affirmed.

The judgment of the court below is, therefore, affirmed.

BRICKELL, J., having been of counsel in this cause in the court below, did not sit.